Your Honor, if I may, I'd like to reserve two minutes for rebuttal. The record is quite clear, and I believe the government appears to concede that there was no conspicuous posting of the applicable regulations, and, in fact, the trial court made that finding. What we are left with, then, is the government's argument that this Court should carve out a broad exception to the plain language of the enabling statute, the statute that delegates authority to arrest and initiate prosecution for criminal offenses to the General Services Administration. The government is asking the Court to carve out a broad exception from the plain language with no evidence presented that Congress ever intended such a broad delegation of authority to create actual notice as a basis for enforcing regulations that are not properly posted. Now, there are some very serious problems with doing that. First of all, the Court will find on this record that the trial court never found, and there is no evidence to support, that actual notice actually occurred. There is a great deal of discussion by the trial court and the district court on intermediate appeal that common sense suggests that Father Bichsel should have known it was illegal for him to conduct his protests in the manner that he did, that there would be reason to believe that he should have known that it was illegal. But this really begs the question of the question. What was he convicted of? He was convicted of failure to comply with a lawful order, which is one of the particularly problematic aspects of this case. Failure to comply with the lawful order of a Federal Protective Services officer enforcing a GSA regulation. Now, why I put any doubt that it was a Federal Protective Officer involved in the encounter? Well, the officer never identified himself. Now, Father Bichsel did say that he recognized from the uniform that he was a security court guard or a Federal Protective Services officer. But the question remains, what is the authority of that officer to make an arrest? What is a lawful order? It's one of the reasons that I found the Burgess opinion instructive. It's not merely a matter of what you are told is an officer's authority, but what in fact is the authority. And this Court, if I may submit what is now supplemental authority, and I'll put it in a letter, has taken a very narrow view of what is required by an agency in a case that has some very similar facts. I'm referring the Court to U.S. v. Jones, the 1991 decision of this Court, 946F7, F2nd 682. There, the defendants were arrested for protesting the cutting of old-growth forests they'd trespassed onto Federal lands. The Court said there quite clearly that the appellant's subjective awareness of a subordinate Federal official's actions that may provide actual notice of a violation cannot redeem the agency's failure to follow its own regulations. And I think one of the reasons the Court made that statement was that it becomes very tricky to find out what a defendant is subjectively aware of, and you are extremely far afield from the plain language of the enabling statute, which clearly says the regulations shall be posted. And I think that's the reason why the Court has taken a narrow view of what is required by an agency in a case that has some very similar facts. So we have these other circuits that say the posting is an element of whatever crime is prescribed under the regulation. My question is whether the posting is more in the way of an administrative requirement and that there's not really a private claim for failure to post. There may be a remedy against the Secretary, but what authority do we look to to say that it's part and parcel of the element of the crime, so to speak? Well, every court that has considered this previously, and I believe including this Court in Jones in trying to find out whether the conviction there for administration of a force or its regulation could be the base of a conviction, has determined that it's either an element of the offense or an affirmative defense, because it is part and parcel of the statute that is being used for to impose criminal penalties. Either way that the Court may approach it in this case, Father Bixle stands on firm ground, because the trial court made a finding that the conspicuous posting requirement had not been met. So whether it was an element that the prosecution needed to prove or something we affirmatively proved, we have a factual finding by the trial court that should be controlling. And the reason — I think there's a larger issue here, Your Honor, if I may, whether it's an element in affirmative defense or an underlying due process requirement for an agency to — to exercise criminal powers. This Court has taken a very narrow view, particularly in cases involving political protests, of a Federal agency's exercise of those powers. And I refer the Court, again, to Jones, if I may just read this one statement. Government power is particularly susceptible to arbitrary or discriminatory exercise when officials face the prejudices, unpleasantness, and risks attended upon political protest over controversial issues. What does that have to do with this case when — let me — let's go back. If — if this sign had been posted in big letters in the lobby, but, of course, the trial court hasn't opened House 7, would that be posted and remain posted in a conspicuous place under the regulation? Your Honor, I would — I would clearly say no as to anybody outside the courthouse. As the trial court also found, if you're going to enforce a regulation in an area that is deemed to be Federal property, it needs to be conspicuously posted to people who would be in that area. And it's just — Okay. Well, let me — let me ask you then. So if — if you have a — something that's posted outside, and then somebody comes up through the prisoner's elevator and chains himself to the door of the judge's chamber, obviously, he won't be able to see that sign outside. Would there be a violation of the regulation vis-a-vis him as to posting? I think the courts have consistently said that if you are going to enforce these regulations anywhere on Federal property, they need to be put in places reasonably calculated to impart the information to people on that property. That's why, for example, in the Strakhov case, it was significant that while there were postings at various points in the courthouse, there were not postings in the passage way or the particular entrance way that that defendant took that was reasonably calculated to impart information to people who are known to visit that area in the course of visiting the premises. So I think the trial court was correct. This was not reasonably calculated in terms of the posting to convey information to people outside the courthouse. It would not necessarily be clear that GSA would enforce the regulations outside the courthouse. And frankly, if we're going to start getting to a subjective analysis of what Father was doing, we need to start with an individual who had very refined ideas about what was lawful or not on lawful context. I don't think anyone suggests that it's a subjective understanding of the law, because he may be much more sophisticated than your average person who's in this situation. But taking apart the subjective, there's got to be some objective determination as to whether it's reasonably posted. But then the question is, if somebody tells you right now you are violating the law, you must stop this. Your argument is he doesn't have to stop that because he didn't have notice of the regulation, even though the police officer or FPS in this case gave him notice. No, but you see, FPS did not. And that's my subsidiary point, Your Honor, which is that if the court wants to carve out this exception based on actual notice, actual notice cannot be found in this case. Right. But let's stop you there, because your first argument is that actual notice can never trump constructive notice. And I'm not sure I quite agree with that, at least in my view. Let me give you an example. Right. You say, now, the district court found actual notice, and you disagree with it. I understand. But let's assume that actual notice was given. Let's say, in this case, let's hypothetically say they handed a copy of the regulation to your client, but it wasn't posted anywhere else. Why wouldn't that be enough? Well, for example, in the Holdsworth case or other cases where they were delivered at a minimum, let me fall back and argue from the other premise. At a minimum, what should be done, if the court is going to find actual notice is sufficient, and I'm still relying on the plain language of statute. But if actual notice, you need to at least inform the defendant that they are on Federal property, that the officer is enforcing a specific regulation. Mr. Mahathatu, he hands him a copy of the same notice that would be sufficient if conspicuously posted somewhere else. If I isn't why is an actual notice to that person sufficient, even though it's not posted anywhere? If the court finds that actual notice would be sufficient. I'm asking you why that wouldn't suffice just to meet the statutory requirements. Because in a strict sense, it's not complying with the strict terms that Congress has sent out. But that would be a much closer case, because he would have at least received a written copy or an express copy or some express statement as to the regulation or law at issue. That never happened in this case. So basically, your argument is if you hand someone the same piece of paper that should be posted somewhere else, that is infirm, as opposed to posting it somewhere else where the person never sees it. No, Your Honor. I think that would be a logically impossible position to argue, because that would then be the functional equivalent of posting. And I might argue the technicalities at that point. But the – in terms of representing my client. But what we're dealing with in this situation, we're nothing even close to that in terms of what actually occurred or took place. Right. But the district court found actual notice in this case. So how do we deal with that? Actually, the trial court did not find actual notice. Here's what it says. The colloquy between Officer Riley and Father Bishel, however, dispels any concern about adequate notice. And Father Bishel freely acknowledged he understood the import of Officer Riley's statement. So the district court, at least I read that, is a finding of actual notice. Well, in fact, if Your Honor looks at that in its entirety in its fair reading, you'll notice that the trial court never says that he received actual notice that he was in violation of any specific regulation. No, he's addressing – not to interrupt, but he's addressing your argument. He says Father Bishel nevertheless argues he did not have actual notice. Then the next sentence is the colloquy dispels any notion that he didn't have actual notice. It's the district court's opinion. Right. The magistrate court made the factual findings in this case. And I believe the district court erred in suggesting that there was sufficient evidence to make what the district court said was evidence of actual notice. The trial court, the magistrate court never found that. What the trial court says is that common sense suggests that Father Bishel should have known, but nowhere does the magistrate say that he was informed that he was in violation of a specific regulation, that he was on Federal property. The court could not because there was no evidence to support that. Okay. Well, let's then take a hypothetical situation. Let's say we don't have an actual distribution of the precise notice, but we have a district court or trial court finding of actual notice. How does that fit in analytically to what you're talking about? Well, analytically, the trial court never found that. And that's significant. Hypothetically? Hypothetically, if the trial court had found that there was actual notice that was the functional equivalent of a posting to the extent that the defendant was clearly taking a prize of where he was located on Federal property, what specific regulation or at least the substance of the regulation that he was in violation of, and all the other things that would be the functional equivalent of a posting of the actual regulation, the court could, I believe, quite reasonably find that that was sufficient. But we are two steps removed from that. We now have noncompliance with the plain language of the statute, and we have facts in an uncontradicted record at this point in terms of what the trial court said was that the trial court found that there was no functional equivalent of the posting. I think we understand your argument, and you are well over your time. Thank you. I appreciate the additional time, Your Honor. Thank you very much. Thank you for your argument. We'll hear from the government at this time. Mr. Smith. Thank you. May it please the Court. This is a case involving a factual dispute that was resolved with the district court, should be reviewed by this court under the clear air standard. Well, how do you respond to counsel's argument that the magistrate judge made a factual finding, but that the district court embellished on that, and that, in fact, was not I don't I mean, I didn't say this, but I'm gathering his argument as a no-deference is owed the district court because the district court was just reviewing a cold record as we are. Your Honor, I disagree with counsel's argument, respectfully. The magistrate judge at pages 85 through 89 of the excerpts of record found actual notice. Now, did she use the actual words, actual notice? It could be that those words are absent there. The district court reasonably interpreted that to be a finding of actual notice. I think if anyone were to read those pages of the transcript, it's the only fair conclusion is the magistrate judge, which was the trial court, found actual notice. And found actual notice based on very clear facts that were all proved at trial, in fact, by Father Bixell's own words. Father Bixell went to the Federal courthouse specifically to symbolically arrest the United States for connection with his protest of the war in Iraq. He knew he was chaining himself to the door of a Federal courthouse. That's at 56 of the excerpts of record. Father Bixell knew that the officer who approached him was a law enforcement officer, page 59. He knew he would be arrested if he did not unchain himself. That's at page 59 as well. He understood this again when the officer returned five minutes later with some bolt cutters. And finally, Father Bixell admitted at page 48 of the excerpts of record that he specifically went there to break the law. That was the whole report of this.  Is your argument that the Federal Protective Service statement combined with his admitted knowledge constitutes the notice? Because I understood counsel to argue that really the objective notice given by the Federal Protective Service is what was deficient. Do you think that actual notice can be a combination of the information you bring to the table, so to speak, that Father Bixell testified to and the officer's warning? Your Honor, I'm not suggesting that the Court should apply a subjective standard as to notice. I think it's an objective standard. But certainly we can look at whether he actually received notice as an objective matter and look at his own words. Judge McEwen. Let's start with this. If the officer said nothing and had simply arrested him, you would agree that he did not have actual notice or constructive notice, right? Yes, Judge Thomas, unless there were other facts. And, you know, one case that's very illustrative of that point is the Murray case out of the Fourth Circuit in the 60s. This was the case where what must have been a very litigious employee had parked over the parking space line. And there was no – the posted notice was in the courthouse or in the Federal building. It wasn't out there where the parking lot was. But nevertheless, the Court said, the Fourth Circuit said, well, the parking space lines had served as the equivalent of notice. You know, you see parking space lines. Obviously, you're supposed to park within them. Here, the officer's, Officer Riley's instruction to Father Bixill was the same. He said, came dressed with a full uniform of the Federal Protective Service, excuse me, sir, you're chained to the courthouse, you should unchain yourself. And he didn't arrest him right then. He gave him the notice. He went away. And he came back five or ten minutes later, and that's when he arrested him of failure to comply. So he had the same notice that the defendant had in Murray. And if the Court – when the Court reads the case law, you'll see every case that's considered this issue has either held expressly or at least suggested that actual notice suffices. And that's what happened here. So basically, what you're saying is that any civil protest at the Federal courthouse leaves people subject to arrest without any information, right? Is that a logical extension? Because you're saying, if you have a bunch of people that sat down and didn't chain themselves, the officer says, move along, you've got to get out of here, you would contend, under your theory in Murray, that that's actual notice of this posting requirement. I mean, actual notice of the contents of the posting. Your Honor, the thing that would be missing from that hypothetical compared to the case at issue is that that sitting down on the sidewalk in front of the courthouse might not violate the statute. And here, we do have a valid regulation that says you can't obstruct the door or some such thing. There, you can't just willy-nilly arrest people for protesting. There has to be a valid regulation. And that leads me to the case I wanted to address since it wasn't in the briefs. Defense counsel cites it as the Jones case. That's the case that he submitted today. I think he'll file a supplemental letter. But this is a completely different situation. The facts are not the same. What happened there is there was protesters who were, as counsel says, protesting the cutting down of old growth forest. They went on Forest Service land. There was a closure order issued by the Forest Service for that sector. This area is closed. The problem in that case was the closure order did not specify what time the area would be closed or what geographic location would be, in fact, closed. All it said was there would be varying areas that could be closed at certain times. And it turned out that the only officials who could issue closure orders that were specific as to place and time were senior management officials of the Forest Service. So the fact that a Forest Service ranger came and said, this area is closed, keep out, it didn't matter that those protesters had actual notice because there was no valid regulation in place. That was the problem in the Jones or True case. Here, there's a valid regulation in place. Of course, it prohibits chaining oneself to the door, which is what Father Bixel did. And in this case, working with a valid regulation, the officer gave Father Bixel actual notice, which, as I've said, every case has held or suggested is a proper standard. Let's assume there's a regulation that says you're not supposed to deface Federal buildings. So the father, instead of chaining himself to the door, spray painting wildly. And then the guy comes up and says, oh, you have to stop that because, you know, it's illegal to spray paint or deface a Federal building. Under your theory, could he be convicted of the defacing of the Federal building that he had already accomplished? Your Honor, if I had that case, I would be arguing yes, because there are certain actions that you simply, they're malum in se, if you will, and there are things that should be subject to arrest for. One example of that would be the case, it's either the Mowat case or the Castagnol   case from the Fourth Circuit, where the Court said, you know, Fourth Circuit said, if you break through a line of United States marshals, then you know that that's something that's going to subject you to arrest. And I think the Fourth Circuit You don't put the chaining yourself to the door in the same category as the spray painter or the charging through the marshals. I do, Your Honor. But what I wanted to say, Judge McKeown, was that the, I don't have that case in front of this Court, because here there was notice and we are talking about the conduct, what he was convicted for, that took place after the notice. If we had the case that you suggest where there's spray painting first, notice later, I think that the law should support a conviction in that case. But we don't have that case. We don't have to decide that. The Court doesn't have to decide that, because here we did have the actual notice and then the conduct. And in your view, is the only notice needed just notice that you should move along because you're in violation of the law? Well, the notice was much more explicit in this case. But I think it's a factual issue, Judge McKeown. Here, the facts were that he's chained to the door. He knows he's not supposed to be chained to the door. He knows it's a Federal courthouse. The officer says, unchain yourself. I don't understand why that's sufficient notice of this particular regulation that requires a very, very specific posting and notice. I mean, it would be different if it were just simply a law. But here we have a regulation that's supposed to be conspicuously posted. And I move along, sort of generic, wouldn't necessarily to me, in part, to communicate that the activity was lawful. It might be simply just crowd control. Judge Thomas, the answer to that question is, the actual notice that you have to have, and this is well supported by case law in a variety of different areas, is the actual notice of the substance of the rule, not the text of the rule. Right. So I'm not disagreeing with that statement at all. But move along doesn't communicate to me the substance of the rule. And, Judge Thomas, move along might well not be sufficient actual notice. Or you have to unchain yourself. In the factual circumstances of a particular case, I think in the factual circumstances of this case, unchain yourself. When the defendant went there specifically intending to violate the law and knew that he was in violation of the law and knew he wasn't allowed to be chained to the door of the Federal courthouse, unchain yourself by a uniformed officer. The defendant admitted he knew and he received the information this was a uniformed law enforcement officer. I think that's sufficient in this case. I think the court should review that factual finding for clear error once it finds that actual notice is sufficient. Let me ask one more question. If unlike Father Bishel, you had someone who didn't know this was Federal property, would this notice have been sufficient in your view? I think under the facts of that case, the government would probably have to show that the person received notice that the property was, in fact, Federal property. I think that's clear in the facts here. Well, if it said Federal courthouse, for example, like in big letters. Let's take this building. Yes, Your Honor. Which is a multipurpose building. This building here again? Yeah. If the father chained himself down below, it would be hard to argue that it was absent notice that he could have known. He might have been knowing he's going to do something generically illegal, which seems to be the case here. And Judge Thomas, your question shows why this really turns on the facts. In this building here, which is just a standard office building, it would probably take more from the officer. This is a Federal building. This is a building where Federal activities take place. I'm a valid law enforcement officer. You should unchain yourself from the door. Now, so under those facts, it might take a little bit more to make sure that the information was imparted correctly. There's no doubt that that occurred in the case at Barr. Thank you. Thank you for the argument. Thank both sides for their argument. The case that's argued will be submitted, and we'll proceed to the next case on the calendar, which is the case at Barr.
judges: Hawkins, Thomas, McKeown